UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Subpoena of Paul Andre <br> _____ <br> MIDWEST ATHLETICS AND SPORTS ALLIANCES LLC, <br>      Plaintiff, <br>   v. <br> RICOH USA, INC., <br>      Defendant. | Case No. 19-mc-80266-VKD <br><br> **REDACTED ORDER RE MOTION TO QUASH, MOTION FOR PROTECTIVE ORDER, MOTION FOR SANCTIONS** <br><br> Re: Dkt. No. 1 |

Paul Andre is counsel of record to Midwest Athletics and Sports Alliances LLC ("MASA"), the plaintiff in a patent infringement action pending against Ricoh USA, Inc. ("Ricoh") in the Eastern District of Pennsylvania. Mr. Andre moves to quash a subpoena Ricoh served upon him and for a protective order with respect to Ricoh's efforts to obtain discovery from him. Mr. Andre also moves for sanctions against Ricoh. Dkt. No. 1. The Court held a hearing on the motion on December 3, 2019. Based on the parties' submissions and argument at the hearing, the Court grants in part and denies in part Mr. Andre's motion to quash and for a protective order, and orders further proceedings, as set forth below. The Court denies Mr. Andre's motion for sanctions.

## I. BACKGROUND

On January 5, 2018, MASA filed a complaint against Ricoh asserting infringement of 19 patents. Dkt. No. 3, Ex. 2. The action is currently pending before the Honorable Timothy J. Savage in the Eastern District of Pennsylvania. *See Midwest Athletics and Sports Alliances LLC v.*

*Ricoh USA, Inc.*, Case No. 2:19-cv-00514-TJS. Mr. Andre is a partner with the law firm Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") and is lead trial counsel for MASA in the Pennsylvania action. Other lawyers from Kramer Levin also represent MASA in that action. Dkt. No. 1 at 3; Dkt. No. 9 at 1.

The patents MASA asserts against Ricoh were purchased from Eastman Kodak Company ("Kodak") pursuant to a Patent Purchase Agreement ("PPA") signed by representatives of MASA and Kodak on June 29, 2017. Dkt. No. 1 at 3; Dkt. No. 9-2, Ex. 10. According to Mr. Andre, he and Kramer Levin began representing Kodak in February 2017 as outside counsel in connection with patent-related matters, including the eventual sale of patents to MASA. Dkt. No. 1 at 3; Dkt. No. 17, Ex. 1 (Cody dep. 35:20-36:11). REDACTED

In parallel with Kramer Levin's representation of Kodak, in June 2017, Kramer Levin says that it represented Mr. Geoffrey Thomas, identified by MASA as its founder, for the limited purpose of forming MASA, but not with respect to the PPA. Dkt. No. 17 at 6 & Ex. 3 (Thomas dep. 167:12-18; 212:8-15). After Kodak and MASA signed the PPA, Kramer Levin contends that it represented both Kodak and MASA, although the nature and scope of that representation is not clearly described.[1] Dkt. No. 1 at 3.

REDACTED

Ricoh disputes Mr. Andre's characterization of his and Kramer Levin's roles with respect to Kodak, MASA, and the PPA. According to Ricoh, Kramer Levin and Kodak have only belatedly claimed that Mr. Andre represented Kodak in connection with the PPA. Ricoh believes that Mr. Andre masterminded an effort to monetize patents in Kodak's portfolio, including the patents asserted against Ricoh in the Pennsylvania action, on his own initiative, and not as outside counsel to Kodak. Ricoh points to evidence that REDACTED

---

[1] For example, it is not clear to the Court whether Kramer Levin asserts that it jointly represented Kodak and MASA in the same matter; whether it separately represented Kodak and MASA at the same time; or whether Kodak and MASA merely have a common interest that should be deemed not to waive some other privileges each may have.

2

REDACTED

On October 15, 2019, Ricoh served a subpoena for documents and deposition testimony on Mr. Andre. Dkt. No. 4, Ex. 1. The subpoena seeks production of the following categories of documents:

    1. All communications with Kodak relating to the initial stages, diligence, selection of patents, negotiation of terms, exchanges of draft agreements, and ultimate acquisition of patents from Kodak by MASA.

    2. All communications with MASA relating to initial stages, diligence, selection of patents, negotiation of terms, exchanges of draft agreements, and ultimate acquisition of patents from Kodak by MASA.

    3. All Documents reviewed or considered during the initial stages, diligence, selection of patents, negotiation of terms, exchanges of draft agreements, and ultimate acquisition of patents from Kodak by MASA, including without limitation any evaluation and/or analysis or the patentability, validity, enforceability, infringement or valuation of the subject matter disclosed in any of the patents-in-suit or any assignments, licenses, covenants, pledges, bank liens or other encumbrances on the patents-in-suit.

    4. Documents relating to any revenue projections or forecasts related to the PPA.

*Id..* However, in responding to Mr. Andre's motion, Ricoh asserts that it is interested principally in documents and testimony regarding (1) how the patents for acquisition in the PPA were

selected, (2) how the terms of the PPA were negotiated, (3) how the pricing terms and consideration for the patents in the PPA were determined, (4) what representations were made to potential investors or funders regarding the patents and their value, (5) why Mr. Andre believed Mr. Thomas would be interested in acquiring patents from Kodak, and (6) why Mr. Andre approached Kodak about acquisition of its patents. *See* Dkt. No. 8-5 at 2, 16. The parties dispute whether Kodak, MASA, and their respective employees and representatives have already provided discovery that fully responds to the information Ricoh says it needs from Mr. Andre.

## II. DISCUSSION

Mr. Andre moves to quash the subpoena and for a protective order on two principal grounds. First, Mr. Andre argues that because he is outside counsel to MASA, Ricoh must overcome a presumption against discovery of opposing counsel, which Ricoh cannot do. Second, Mr. Andre argues that most, if not all, of the discovery Ricoh seeks is privileged, and any non-privileged discovery has or could be obtained from other sources. The Court discusses each ground below.

### A. Presumption Against Discovery of Opposing Counsel

Citing the Eighth Circuit's *Shelton* test, Mr. Andre argues that Ricoh may not obtain discovery of him unless it can demonstrate that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Mr. Andre is correct that district courts in the Ninth Circuit and elsewhere have generally adopted the approach described in *Shelton* for assessing whether to permit the deposition of opposing counsel. But the *Shelton* analysis applies only where the discovery sought concerns matters relating to counsel's representation of a litigant in the current litigation. It does not apply to discovery of facts known to counsel as a percipient witness relating to matters that preceded the litigation. *See Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729-31 (8th Cir. 2002) (distinguishing discovery directed to information about pending litigation that could reveal counsel's litigation strategy from discovery directed to a concluded litigation in which counsel also happened to represent a party)*; ATS Prods., Inc. v. Champion Fiberglass, Inc.*,

4

No. 13-cv-02403-SI (DMR), 2015 WL 3561611 at *4 (N.D. Cal. June 8, 2015) ("[T]he *Shelton* test was intended to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy.") (internal quotations and citation omitted).

Here, the only reason Ricoh is in the position of seeking discovery of opposing counsel is that MASA chose to employ as its counsel in the Pennsylvania action against Ricoh the same counsel who had participated in the events that led to Kodak's sale of patents, including the patents at issue, to MASA—Mr. Andre and Kramer Levin. The mere fact that Mr. Andre and Kramer Levin happen to represent MASA in the pending action does not insulate them from discovery about a transactional matter, now-concluded, that preceded the litigation. *See Pamida*, 281 F. 3d at 730 ("The District Court properly applied *Shelton* to the pending indemnification case and denied Dynasty access to records involving the LHDL attorney's representation of Pamida in the on-going indemnification case. *Shelton*, however, does not apply to the concluded patent infringement action. . . . [T]he protection *Shelton* provides to opposing counsel only applies because opposing counsel is counsel in the instant case and not because opposing counsel had represented the client in the concluded case."); *ATS*, 2015 WL 3561611 at *6 ("To permit a fact witness to evade a deposition simply because he acted as an attorney in a prior case would invite parties to retain the same counsel in subsequent cases to avoid revealing information that would otherwise be discoverable.").

Accordingly, the Court concludes that Ricoh need not meet the "difficult burden" imposed by *Shelton* to obtain discovery of Mr. Andre. *Pamida*, 281 F. 3d at 729.

**B.     Requirements of Rules 26 and 45**

Rule 45 of the Federal Rules of Civil Procedure governs non-party subpoenas. Under Rule 45(d)(3), the court where compliance is required must quash or modify the subpoena if the subpoena: (i) fails to allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. The court may also issue a protective order limiting discovery under Rule 26(c). Fed. R. Civ. P. 26(c).

5

As a general matter, the scope of discovery available through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm. note to 1970 amendment); Fed. R. Civ. P. 34(a)). A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Mr. Andre bears the burden of demonstrating that his motion to quash meets the requirements of Rule 45(d)(3) or that he is entitled to a protective order under Rule 26(c). *See, e.g., Koh v. S.C. Johnson & Son, Inc.*, Case No. C-09-00927-RMW, 2011 WL 940227 at *2 (N.D. Cal., Feb. 18, 2011); *Finley v Pulcrano*, Case No. C-08-0248-PVT, 2008 WL 4500862 at *1 (N.D. Cal., Oct. 6, 2008).

Here, Mr. Andre argues that the scope of discovery is not limited to relevant information, is duplicative and cumulative of discovery already obtained (or that could have been obtained) from other witnesses, and encompasses privileged and work product information. The Court agrees that the document discovery Ricoh seeks is too broad, and encompasses matters that are not relevant to a claim or defense. However, the Court considers the narrower scope of discovery described in Ricoh's opposition and discussed at the hearing, and concludes that Ricoh may be entitled to discovery from Mr. Andre of documents and testimony relating to the following four categories:

1. how the patents for acquisition in the PPA were selected,
2. how the terms of the PPA were negotiated,
3. how the pricing terms and consideration for the patents in the PPA were determined, and
4. what representations were made to potential investors or funders regarding the patents and their value.

6

These matters are reasonably related to damages because they are likely to inform how the patents at issue in the Pennsylvania action should be valued. *See generally TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 4148354, at *3 (N.D. Cal. July 8, 2015) (concluding that a transaction involving acquisition of the patent at issue was relevant to the issue of damages under the *Georgia-Pacific* factors).

The other two matters about which Ricoh says it wants discovery—why Mr. Andre believed Mr. Thomas would be interested in acquiring patents from Kodak, and why Mr. Andre approached Kodak about acquisition of its patents—do not appear to be relevant to any claim or defense. Rather, as Ricoh explained at the hearing, Ricoh seeks this discovery to undermine MASA's story about the charitable and socially beneficial purposes for which MASA was created by Mr. Thomas. Dkt. No. 26 at 7:18-8:7. However, MASA's origin story likewise appears to be irrelevant to any claim or defense in the case. In his briefing before this Court, Mr. Andre has not indicated whether he expects MASA to offer evidence about the purpose for which that entity was created along the lines described by Ricoh. If MASA does attempt to offer such evidence, the Court appreciates that the presiding judge in the Pennsylvania action may permit such evidence at trial. If that is the case, Ricoh may well have good grounds for its argument that such discovery is relevant, but the record on this point is not fully developed at this time.

As limited to the four categories described above, the discovery Ricoh seeks from Mr. Andre is not particularly burdensome. The discovery will be limited to the period of time from approximately February 2017 through signing of the PPA as to all categories, except for the fourth category, which will encompass the period of time      REDACTED
, up through approximately November 2017. Ricoh has provided evidence supporting its contention that other witnesses did not have complete information as to some or all of these categories and that Mr. Andre may have unique information.

While Ricoh has demonstrated that it seeks discovery (as limited above) that is relevant and proportional to the needs of the case, Mr. Andre objects that the discovery sought implicates Kodak's attorney-client privilege and Mr. Andre's work product on behalf of Kodak. This objection is difficult for the Court to evaluate, as the parties dispute that nature and extent of Mr.

7

Andre's and Kramer Levin's representation of Kodak, and neither Kodak nor Mr. Andre has produced a privilege log supporting those asserted protections. Accordingly, the Court orders as follows:

By **December 17, 2019**, Mr. Andre shall serve a privilege log for any responsive documents falling within the scope of discovery, as limited by this order, clearly indicating the basis (i.e., attorney-client privilege and/or attorney work product) for which each document is being withheld. Each side shall select up to 10 representative documents from Mr. Andre's privilege log for this Court's *in camera* review. Mr. Andre shall lodge both sides' selected representative samples with this Court's chambers no later than **December 20, 2019**. Upon review of the privilege log and submitted documents, the Court will issue a further order regarding Mr. Andre's attorney-client privilege and work product objections.

## III. REQUEST FOR SANCTIONS

Mr. Andre seeks sanctions against Ricoh on the ground that the subpoena was served for an improper purpose, imposes undue burden and expense on Mr. Andre, and seeks disclosure of privileged or other protected matter. *See* Dkt. No. 1 at 12-13. As reflected in the Court's discussion regarding Mr. Andre's motion to quash and for a protective order, the Court concludes that discovery of Mr. Andre is not presumptively barred under the *Shelton* test, and that Ricoh has provided support for its contention that limited discovery of Mr. Andre is likely to yield information relevant to a claim or defense in the case without imposing undue burden or expense on Mr. Andre. The question of whether Ricoh's subpoena seeks discovery of privileged or work product information remains unresolved, but that is, in part, because neither Kodak nor Mr. Andre has produced a privilege log.

Accordingly, the Court concludes that sanctions are not warranted against Ricoh, and denies Mr. Andre's motion for sanctions.

**IT IS SO ORDERED.**

Dated: December 9, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge