UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Subpoena of Paul Andre<br><br>MIDWEST ATHLETICS AND SPORTS ALLIANCES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>RICOH USA, INC.,<br><br>    Defendant. | Case No. 19-mc-80266-VKD<br><br>**ORDER RE MR. ANDRE'S PRIVILEGE CLAIMS**<br><br>Re: Dkt. No. 1 |

The parties dispute whether Paul Andre, counsel to Midwest Athletics and Sports Alliances LLC ("MASA") in an action pending in the Eastern District of Pennsylvania, should be required to produce documents and testify in response to a subpoena from MASA's adversary, Ricoh USA, Inc. ("Ricoh"). On December 9, 2019, the Court issued an order granting in part and denying in part Mr. Andre's motion to quash Ricoh's subpoena and denying Mr. Andre's motion for sanctions. Dkt. No. 28. In that order, the Court concluded that the proposed discovery of Mr. Andre must be limited to documents and testimony relating to four categories of information. *Id.* at 6-7. However, the Court concluded that it could not evaluate Mr. Andre's objections that such discovery was barred by the attorney-client privilege or the work product doctrine in the absence of a privilege log and some means to test Mr. Andre's objections. Accordingly, the Court ordered Mr. Andre to provide a privilege log, and invited the parties to select up to 10 representative documents each for *in camera* review by the Court.

Having reviewed Mr. Andre's privilege log and the parties' selected documents, the Court concludes that certain documents are protected from disclosure by the attorney-client privilege.

The Court requires further briefing in order to resolve the parties' remaining disputes, as described below.

## I. BACKGROUND

Mr. Andre's privilege log contains 45 entries (although one entry has two parts). The documents corresponding to entries 1-26 span the period of time from February 10, 2017 through July 21, 2017. The log gives no dates for the documents corresponding to entries 27-45.

Mr. Andre asserts the attorney-client privilege, and sometimes also the work product doctrine, as a basis for withholding the documents in entries 1-25 from production. In addition to the attorney-client privilege and/or the work product doctrine, Mr. Andre asserts that the common interest doctrine[1] protects the documents in entries 26-45 from disclosure.

The parties have collectively selected 16 representative documents from the log for *in camera* review: entries 1, 2, 4, 6, 8, 9A, 9B, 13, 17, 18, 20, 22, 25, 26, 30, and 31. The Court has reviewed each of these documents.

## II. LEGAL STANDARDS

### A. Attorney-Client Privilege and Work Product Doctrine

The attorney-client privilege protects from discovery communications concerning legal advice sought from an attorney in his or her capacity as a professional legal advisor, where the communication is made in confidence, is intended to be maintained in confidence by the client, and is not disclosed to a third party. *United States v. Martin*, 278 F.3d 988, 999–1000 (9th Cir. 2002) (citing 8 John H. Wigmore, *Evidence* § 2292, at 554 (McNaughton rev. 1961)). The privilege extends to confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations omitted).

The work product doctrine protects from discovery materials that are prepared by or for a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3)). Typically, the doctrine provides qualified protection against discovery of the legal strategies and mental

---

[1] The Court assumes that Mr. Andre's use of "COI" in his privilege log is a reference to the common interest doctrine. *See* Dkt. No. 17 at 8-9.

2

impressions of a party's attorney. *Hickman v. Taylor*, 329 U.S. 495, 508–10 (1947); *Upjohn Co. v. United States*, 449 U.S. 383, 390–91 (1981).

Mr. Andre, as the party asserting attorney-client privilege and work product protection, bears the burden of proving that the privilege or protection applies. *See Ruehle*, 583 F.3d at 607-08; *In re Application of Republic of Ecuador*, 280 F.R.D. 506, 514 (N.D. Cal. 2012).

### B. Common Interest Doctrine

The voluntary disclosure of a privileged communication to a third party ordinarily waives that privilege. *Ruehle*, 583 F.3d at 612; *Weil v. Investment/Indicators, Research & Management, Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). The "common interest" or "joint defense" doctrine is an exception to ordinary waiver rules that applies when parties represented by separate counsel communicate, in confidence, about a matter of common legal interest, in furtherance of that common legal interest. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). The doctrine does not create a privilege, but comes into play only if a privilege already covers the material disclosed to the third party. *Id.*; *see also Nidec. Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578-79 (N.D. Cal. 2007) (describing boundaries and application of common interest doctrine).

## III. DISCUSSION

Having reviewed the logged documents submitted *in camera*, the Court concludes that the documents corresponding to the following entries on the privilege log are protected from disclosure by at least the attorney-client privilege: 1, 2, 4, 6, 8, 9A, 9B, 13, 17, 18, 20, 22, and 25. These documents reflect communications to or from Mr. Andre and his colleagues at Kramer Levin regarding legal advice sought or provided to Kodak or (as in entry 25) to Mr. Thomas. Nothing in the record suggests that these communications were disclosed to third parties. *See* Dkt. Nos. 1, 9, 17. From this review and a review of the remaining items on the privilege log, the Court concludes that the documents in entries 1-25 are protected from disclosure by the attorney-client privilege.

On the present record, the Court is not able to assess Mr. Andre's claim that the documents corresponding to entries 26-45 are privileged or protected material, or that any such privilege or

3

protection that once applied has not been waived by disclosure to a third party (referred to, anonymously, in the privilege log as "Confidential Funder"). The Court requires further submissions on this point.

The Court also is not able to determine whether, if the common interest doctrine protects the documents in entries 26-45 from disclosure, Mr. Andre still has non-privileged information responsive to Ricoh's subpoena. Ricoh contends that Mr. Andre should be required to provide relevant non-privileged documents and testimony within the scope of Ricoh's subpoena, regardless of how the Court decides questions of privilege. Dkt. No. 9 at 13 ("Mr. Andre is in possession of highly relevant information regarding the PPA transaction that is not privileged, under any view of Kramer Levin's representation of Kodak and MASA."); *see also* Dkt. No. 30.[2] The Court requires further briefing on this point as well.

## IV. CONCLUSION

For the reasons explained above, the Court orders as follows:

Mr. Andre is not required to produce the documents corresponding to entries 1-25 on his privilege log or provide testimony about their contents.

The parties must provide further briefing (and, if necessary, supporting evidence) regarding whether the documents corresponding to entries 26-45 are protected from disclosure by application of the attorney-client privilege, the work product doctrine, and/or the common interest doctrine. The parties must also provide further briefing (and, if necessary, supporting evidence) regarding whether Mr. Andre has non-privileged documents or information that fall within the four categories of discovery the Court identified in its prior order. Dkt. No. 28 at 6.

The briefing schedule is as follows, unless the parties stipulate to a different schedule:

1. January 28, 2020: Mr. Andre files his opening brief;
2. February 11, 2020: Ricoh files its opposition brief;
3. February 18, 2020: Mr. Andre files his reply brief.

---

[2] On December 24, 2019, the Court received a letter from Ricoh that apparently was copied to all counsel of record. The Court sees no reason why that correspondence should not be part of the public docket and directs the Clerk to file it.

4

The parties must address all remaining issues in a single brief within the page limits set out in Civil Local Rule 7. After receiving the parties' briefing, the Court will decide whether to set a hearing.

**IT IS SO ORDERED.**

Dated: January 10, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge